## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Christina Grinevich | : | |
| 733 Hidden Valley Rd | : | |
| King of Prussia, PA 19406 | : | TRIAL BY JURY DEMAND |
| Plaintiff. | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| Delaware County | : | |
| 201 W. Front Street, 2nd Floor | : | |
| Media, PA 19063 | : | |
| | : | |
| The GEO Group, Inc. | : | |
| 500 Cheyney Road | : | |
| Thornton, PA 19373 | : | |
| | : | |
| and | : | |
| | : | |
| Jane Doe Correctional Officers | : | |
| 500 Cheyney Road | : | |
| Thornton, PA 19373 | : | |
| Defendants. | : | |

### CIVIL ACTION – COMPLAINT

Plaintiff by and through her attorney Brian J. Zeiger, Esquire, hereby alleges the following:

### JURISDICTION & VENUE

1.     Plaintiffs alleges civil rights violations under 42 U.S.C. § 1983 and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.     Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

3.      At all times relevant hereto the Plaintiff Christina Grinevich, is an adult citizen, who lives at 733 Hidden Valley Rd, King of Prussia, PA 19406.

4.      Defendant Delaware County, is an incorporated Municipality in Pennsylvania, located at 201 W. Front Street, 2nd Floor, Media, PA 19063.

5.      Defendant the GEO Group, Inc. (hereinafter "GEO"), has a principle business located at 500 Cheyney Road, Thornton, PA 19373.

6.      Defendants Jane Doe Correctional Officers, are believed to be an adult citizens of Pennsylvania conducting business at 500 Cheyney Road, Thornton, PA 19373, are being sued in both their individual and official capacities.

7.      At all times material hereto, the individual defendants acted under color of law and within the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Delaware County and the Geo Group, Inc.

## FACTUAL BACKGROUND

8.      On or about May 25, 2019, Plaintiff was arrest in Delaware County, Pennsylvania.

9.      On or about May 26, 2019, Plaintiff was brought to the George W. Hill Correctional Facility (hereinafter "George W. Hill), in Delaware County Pennsylvania, located at 500 Cheyney Road.

10.     While Plaintiff was being processed, the four female Jane Doe Correctional Officer Defendants assaulted her.

11.     Plaintiff was cuffed by four female Jane Doe Correctional Officer Defendants.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

12.   Plaintiff was stripped from her clothing, not given a prison uniform, and placed in a smock. The four female Jane Doe Correctional Officer Defendants cut off Plaintiff's clothing from her body.

13.   The four female Jane Doe Correctional Officer Defendants moved Plaintiff to an intake cell.

14.   The four female Jane Doe Correctional Officer Defendants instructed Plaintiff to put her back side on the wall, lean forward, and place her hands through a slot in the intake cell. Plaintiff complied.

15.   Once Plaintiff's hands were through the slot in the intake cell, the four Jane Doe Correctional Officer Defendants forcibly removed the handcuffs and fractured Plaintiff's hand.

16.   Plaintiff screamed at the four female Jane Doe Correctional Officer Defendants that they were breaking her hand—Plaintiff felt her bone snap.

17.   Plaintiff felt her hand being fractured by the four female Jane Doe Correctional Officer Defendants.

18.   The four female Jane Doe Correctional Officer Defendants entered the cell and popped off Plaintiff's fake fingernails.

19.   Plaintiff asked the four female Jane Doe Correctional Officer Defendants for medical treatment for her fractured hand and the four female Jane Doe Correctional Officer Defendants completely ignored Plaintiff's request for medical care.

20.   The four female Jane Doe Correctional Officer Defendants then pepper-sprayed Plaintiff in her face.

21.   Plaintiff was not permitted to clean her face from the pepper-spray after she was

3

pepper-sprayed.

22.    The four female Jane Doe Correctional Officer Defendants made up an infraction against Plaintiff to cover-up their assault of Plaintiff and had Plaintiff housed in the hole.

23.    While Plaintiff was in the hole, Plaintiff was refused feminine products during her menstrual cycle, such as pads and tampons.

24.    Plaintiff repeatedly requested medical treatment for her fractured hand and continued to grieve in regard to her fractured hand.

25.    Approximately six to eight weeks later, Plaintiff was taken to medical in relation to her fractured hand.

26.    Plaintiff's hand was x-rayed, which revealed a fractured hand.

27.    Plaintiff was not given any treatment for her fractured hand.

28.    Plaintiff's hand is now permanently disfigured as a result of the fracture from the excessive force from the four Jane Doe Correctional Officer Defendants.

29.    Plaintiff suffered and continues to suffer from immense pain and suffering from her fractured hand.

30.    Upon information and belief, Defendants Delaware County and GEO's custom and practice is to provide the minimum amount of medical care and treatment to inmates at George W. Hill.

31.    Upon information and belief, Defendants Delaware County and GEO have a custom or policy of failing to properly review complaints, grievances, and medical complaints to ensure inmate get proper medical care and treatment.

32.    Upon information and belief, the individual corrections officer Defendants have a

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

custom or policy of failing to properly review complaints, grievances, and medical complaints to ensure inmate get proper medical care and treatment.

33.     Upon information and belief, the failure to properly review complaints, grievances, and medical complaints, show the Defendants Delaware County, GEO and the individual correction officer Defendants are deliberately indifferent, condone and ratify behavior, or adopt an unofficial policy, of providing inadequate medical care to inmates at the George W. Hill.

34.     In the alternative, if paperwork and records are not being created in regards to complaints, grievances and medical complaints, there exists a custom or policy of not properly documenting complaints, grievances and medical complaints, again showing a custom or policy of not providing proper medical care to inmates at the George W. Hill by Defendants Delaware County, GEO and the individual corrections officer Defendants.

35.     Delaware County has been sued a multiple of time for denial of medical care to inmates as evinced by this Court's ecf system.

36.     GEO has been sued multiple times for violations of individual civil rights, including but not limited to deprivation of medical care at George W. Hill, as evinced by this Court's ecf system and *pacer.gov* throughout the United States.

**COUNT I -
VIOLATION OF 42 U.S.C. § 1983
ALL DEFENDANTS**

37.     Plaintiffs alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

38.     Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

5

39.    Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. §1983, and have deprived Plaintiffs of their rights, privileges, and/or immunities secured by the Constitution and laws of the United States, including her right to bodily integrity and her right to be free from illegal seizure.

40.    Defendants also violated Plaintiff's constitutional rights under the Fourth and Amendment of the United States Constitution by by using excessive force against her.

41.    On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or reckless disregard for, the rights secured to the Plaintiffs. Defendants' actions as stated herein denied Plaintiffs' rights in violation of the United States Constitution and 42 U.S.C. § 1983.

42.    Defendants also violated and conspired to deprive Plaintiff of her Due Process Rights of Access to Court.

43.    Defendants' actions were a factual cause of and/or directly and proximately caused Plaintiffs' substantial damages and harm.

**WHEREFORE**, Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT II - EXCESSIVE FORCE - 42 U.S.C. § 1983
## ALL INDIVIDUAL DEFENDANTS

44.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

6

45.    Plaintiff believes and therefore avers that the force used upon her was unnecessary and more force than was reasonable and necessary under the circumstances.

46.    Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiffs of her constitutional and statutory rights.

47.    Defendants' actions were a factual cause of and/or caused Plaintiffs' substantial damages and harm. (See above).

**WHEREFORE**, Plaintiffs demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

## COUNT III:
### EIGHTH AMENDMENT – PURSUANT TO 42 U.S.C § 1983
### DENIAL OF MEDICAL CARE AND FAILURE TO PROTECT
### PLAINTIFF V. ALL DEFENDANTS

48.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

49. Plaintiff had a fractured hand.

50. At the time of her detention, the Defendants Delaware County and Defendant GEO knew or should have been aware of the Plaintiff's medical conditions.

51. The Plaintiff repeatedly informed corrections officers and health care providers of her condition and that she needed treatment.

7

Levin & Zeiger LLP
1500 JFK BLVD, Suite 620
Philadelphia, Pennsylvania 191029
215.546.0340

52. The Plaintiff notified the individual correctional officers Defendants she needed medical care and treatment for her condition.

53. The Defendants failed to provide the Plaintiff with adequate care as evidenced by the factual allegations *supra*.

54. Further, Plaintiff was never given any medical treatment for her fractured hand.

55. As a direct and proximate cause of Defendants' actions, or lack of actions, Plaintiff has a permanent injury to her hand.

WHEREFORE, Plaintiff claims of the individually named Defendants, jointly and severally, a sum in excess of three hundred thousand dollars ($300,000) in compensatory damages, delay damages, interest and allowable costs of suit and brings this action to recover same, and punitive damages against the individual defendants.

## COUNT IV:
## MONELL CLAIM UNDER 42 U.S.C. § 1983
## PLAINTIFF V. DEFENDANTS DELAWARE COUTNY AND GEO

56.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

57.    Defendants Delaware County and GEO established, knew of, and acquiesced to policies, procedures, and customs that Defendants Delaware County and GEO knew or should have known would lead to violations of citizens' constitutional rights.

58.    Defendants Delaware County and GEO acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

59.    Defendants Delaware County and GEO knew or should have known that its employees

8

engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like the Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

60.    By failing to take action to stop or limit the policy and/or custom and/or practice by remaining deliberately indifferent to the systematic abuse which occurred in accordance with and as a direct and proximate result of the policy, custom, or practice, Defendants Delaware County and GEO condoned, acquiesced in, participated in, and perpetrated the policy, custom, or practice in violation of the Plaintiff's rights under the Eighth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States and of the Commonwealth of Pennsylvania.

61.    The conduct of Defendants Delaware County and GEO and/or the conduct of defendants' employees or agents, and/or policy makers for the Delaware County and GEO were a factual cause of and/or the cause of the harm and damages sustained by Plaintiff. WHEREFORE, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000) Dollars, together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT V - CONSPIRACY UNDER 42 U.S.C. § 1983
## INDIVIDUAL DEFNEDANTS

62.    Plaintiffs allege each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

9

LEVIN & ZEIGER LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

63.     All of the individual Defendants in this matter conspired to deprive the Plaintiffs of her constitutional rights.

64.     All of the individual Defendants acted in concert to commit an unlawful act, the principal element of which was an agreement between the parties to inflict wrong or injury upon another, and their acts resulted in damages, more specifically: to use excessive force against plaintiff, to conceal their identities, and to deprive Plaintiff of her due process rights of access to courts.

65.     Further, the Defendants took overt steps in furtherance of the conspiracy to use excessive force against plaintiff, to conceal their identities, and to deprive Plaintiff of her due process rights of access to courts, all of which caused damage to the Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of Three Hundred Thousand ($300,000.00) Dollars together with compensatory damages, delay damages, interest, costs and attorneys' fees and punitive damages.

Respectfully submitted,

BRIAN J. ZEIGER, ESQUIRE
Identification No.: 87063
zeiger@levinzeiger.com
LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

LEVIN & ZEIGER LLP
1500 JFK BLVD. SUITE 620
PHILADELPHIA. PENNSYLVANIA 191029
215.546.0340