# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA GRINEVICH** : | |
| : | |
| : | **NO.: 21-2003** |
| **v.** : | |
| : | **JURY TRIAL** |
| : | **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** : | |

## NOTICE OF MOTION

TO: Brian J. Zeiger, Esquire
Levin & Zeiger, LLP
1500 JFK Blvd, Suite 620
Philadelphia, PA 19109

You are hereby notified on this 25th day of May 2021, that the attached Motion to Dismiss Plaintiff's Complaint Pursuant to F.R.C.P. 12(b)(6) is being filed with the Court. According to Local Rule 7.1.(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion. In the absence of a timely response, the Motion may be treated as uncontested.

                                            Respectfully submitted:
                                            **DiORIO & SERENI, LLP**

Date: May 25, 2021          **BY:**  /s/ Robert M. DiOrio
                                            **ROBERT M. DiORIO, ESQ.**

                                            /s/ Matthew H. Fry
                                            **MATTHEW H. FRY, ESQ.**
                                            21 West Front Street
                                            P.O. Box 1789
                                            Media, PA 19063

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CHRISTINA GRINEVICH** : | |
| : | |
| : | **NO.: 21-2003** |
| **v.** : | |
| : | **JURY TRIAL** |
| : | **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** : | |

## ORDER

AND NOW, this _____ day of _____, 2021, after consideration of Defendants' Motion to Dismiss, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and Defendants The GEO Group, Inc. and Delaware County are hereby DISMISSED with prejudice.

BY THE COURT:

_____
PAUL S. DIAMOND,   J.

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA GRINEVICH** : | |
| : | |
| : | **NO.: 21-2003** |
| **v.** : | |
| : | **JURY TRIAL** |
| : | **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** : | |

## DEFENDANTS, THE GEO GROUP, INC. AND DELAWARE COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendants Delaware County and The GEO Group, Inc., by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and in support thereof avers as follows:

1. This action was commenced via a Complaint on April 30, 2021. (Document 1).

2. Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims an alleged altercation wherein she was assaulted by unidentified corrections officers, who fractured Plaintiff's hand when they attempted to remove her handcuffs, and thereafter pepper sprayed her. (Document 1, ¶¶10-20).

3. Plaintiff further claims that she was not provided with any medical care until six to eight weeks later. (Document 1, ¶25).

4.      Lastly, Plaintiff claims a custom and/or policy of failing to respond to complaints and grievances. (Document 1, ¶¶32-33).

5.      Plaintiff's Complaint alleges constitutional claims against all defendants in Count 1, alleging excessive force and violation of Plaintiff's due process rights of access to court; Count II and V are claims against the Jane Doe individual defendants; Count III alleges a constitutional violation of medical care against all defendants, and Count IV alleges a claim under *Monell* against the Moving Defendants GEO and Delaware County. (Document 1).

6.      For reasons set forth in Defendants' Memorandum of law, Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Complaint, since the Moving Defendants, who are not individuals, cannot be liable for the claims of excessive force or deliberate indifference to medical needs under the law. Furthermore, Plaintiff fails to state a cause of action under *Monell* against the Moving Defendants.

7.      Accordingly, Defendants respectfully seek relief in the form of dismissal of the Complaint with prejudice.

WHEREFORE, the Defendants respectfully request this Honorable Court

to grant their Motion to Dismiss and enter the attached form of Order.

                                               Respectfully submitted:

                                               **DiORIO & SERENI, LLP**

Date: <u>May 25, 2021</u>          **BY:**  <u>/s/ Robert M. DiOrio</u>
                                                **ROBERT M. DiORIO, ESQ.**

                                                <u>/s/ Matthew H. Fry</u>
                                                **MATTHEW H. FRY, ESQ.**
                                                21 West Front Street
                                                P.O. Box 1789
                                                Media, PA 19063
                                                (610) 565-5700 (telephone)
                                                (610) 891-0651 (facsimile)

# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| **CHRISTINA GRINEVICH** | : |
| | : |
| | : **NO.: 21-2003** |
| **v.** | : |
| | : **JURY TRIAL** |
| | : **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** | : |

_____

### DEFENDANTS, DELAWARE COUNTY AND THE GEO GROUP, INC.'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO DISMISS PLAINTIFF'S COMPLAINT</u>

Defendants Delaware County and GEO Group, Inc., by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) and in support thereof aver the following.

### I.   <u>FACTUAL BACKGROUND</u>

Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims an alleged altercation wherein she was assaulted by unidentified corrections officers, who fractured Plaintiff's hand when they attempted to remove her handcuffs, and thereafter pepper sprayed her. (Document 1, ¶¶10-20). Plaintiff further claims that she was not provided with any medical care until six to eight

1

weeks later. (Document 1, ¶25). Lastly, Plaintiff claims a custom and/or policy of failing to respond to complaints and grievances. (Document 1, ¶¶32-33).

Plaintiff's Complaint alleges constitutional claims against all defendants in Count I, alleging excessive force and violation of Plaintiff's due process rights of access to court; Count II and V are claims against the Jane Doe individual defendants; Count III alleges a constitutional violation of medical care against all defendants, and Count IV alleges a claim under *Monell* against the Moving Defendants GEO and Delaware County. (Document 1).

## II.   LEGAL STANDARDS

### A.   Motion to Dismiss Pursuant to FRCP 12(b)(6).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened from of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a Motion to Dismiss under F.R.C.P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). *See, Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

Therefore, following *Twombly* and *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be

separated. The court must accept all of the complaint's well-pleaded facts as true but may disregard legal conclusions. *Iqbal*, at 1950. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* In other words, a complaint must do more than allege an entitlement to relief. A complaint has to "show" such an entitlement with facts. *Id. See, Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, at 1950.

### III.   LEGAL ARGUMENT
#### A.   Plaintiff Has Not Stated A Viable Claim Against The Defendants For Claims Directed At Individual Parties.

Plaintiff has failed to state a cause of action against the Moving Defendants in Counts I and III in the Complaint because they cannot be liable for the acts of yet unnamed individual Defendants for excessive force or deliberate indifference to medical needs.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a

person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

To establish personal liability against a defendant in a § 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Id*. See also *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005).

Under the case law cited above, Plaintiff has failed to specifically identify the individuals who were involved in the alleged wrongs, and cannot allege that

4

Answering Defendants, who are not individuals, can be liable for this conduct. Entities such as Answering Defendants cannot be liable as these alleged acts were conducted by unknown individuals, and there is no such liability for corporations or municipal entities because there is no *respondeat superior* liability for such claims. Therefore, Answering Defendants cannot be liable for any claims in Counts I and III of Plaintiff's complaint and should be dismissed from those claims with prejudice.

    **B.    Plaintiff's Complaint Against The GEO Group, Inc. and Delaware County In Count IV Is Deficient And Should Be Dismissed.**

        **1.    General Law Pertaining To Section 1983 Claims Against Municipalities, Government Entities Or Their Private Contractors.**

As a general matter, in order to properly state a claim against a municipality or its private contractor under Section 1983 (in this case, Delaware County and The GEO Group, Inc.), a plaintiff is required to allege the civil rights violation occurred as a result of a policy or custom. *Monell v. New York Dep't of Social Services*, 436 U.S. 658 (1978). Under *Monell*, a city, municipality, or private entity that is a state actor "may not be held vicariously liable under section 1983 for the actions of its agents" since "[t]here is no *respondeat superior* theory of municipal liability." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing

*Monell*, 436 U.S. 658 at 691 (1978)). Rather, a municipality or private entity that is a state actor may be held liable "only if its policy or custom is the 'moving force' behind the constitutional violation." *Sanford*, 456 F.3d at 314. The existence of a policy or custom can be established: (1) by showing that a "decision maker possessing final authority to establish municipal policy with respect to the action issued an official statement of policy," *Jimenez v. All AM Rathskellar*, 503 F.3d 247, 250 (3d Cir. 2007) (quoting, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)); or (2) by demonstrating that a "custom" exists when, though not authorized by the law, the practices of state officials [are] so permanent and well settled that they operate as law." *Id*. (quoting *Monell*, 436 U.S. at 690).

Once a policy or custom is identified, a plaintiff must establish that the municipality maintained a policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of *Canton v. Harris*, 489 U.S. 378, 389 (1989); see also, *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom). With respect to deliberate indifference, "something more culpable [must be shown] than a negligent failure to recognize a high risk of harm to plaintiffs." *Black by Black v. Indiana Area School District*, 985 F.2d 707, 712-13 (3d Cir. 1993) (quoting *Colburn v. Upper*

6

*Darby*, 946 F.2d 1017, 1025 (3d Cir. 1991)). A plaintiff must establish that the deliberate indifference to which he was subjected came about as a result of the policy. See, *Monell* 436 U.S. at 690-91.

### ( i). Failure to train

A municipality can be held liable on the basis of failure to train when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Ball v. Bower*, 2011 U.S. Dist. LEXIS 150548 (October 13, 2011), citing, *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" *Id.* at 325 (citations omitted). Therefore, analysis of a claim under *Monell* requires separate analysis of two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so whether the [municipality] is responsible for that violation." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).

An institutional defendant may also be liable for constitutional violations resulting from inadequate training or supervision of its employees if the failure to train amounts to a custom of the municipality. However, failure to train claims also must meet precise and demanding legal criteria. Such a failure must "amount to deliberate indifference to the constitutional rights of persons

with whom the [police] come in contact." *Ball, supra*. *See also Colburn v. Upper Darby Twp*. 946 F.2d 1017, 1028 (1991) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

Proving agency liability on a theory of deliberate indifference is an *especially difficult* showing for a plaintiff to satisfy where the plaintiff has alleged that insufficient training or supervision has caused constitutional violations. *Id*. (*emphasis added)*, citing, *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Such a showing requires that "(1) . . . lawmakers know that employees will confront a similar situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id*. citing, *Carter v. City of Phila*., 181 F.3d 339, 357 (3d Cir. 1999). Moreover, the plaintiff proceeding on such a theory must establish that the agency's "deliberate conduct . . . was the 'moving force' behind the injury alleged." *Reitz*, 125 F.3d at 145 (quoting *Brown*, 520 U.S. at 404). Therefore, the need for training, supervision, or other corrective action to avoid imminent deprivations of a constitutional right "must be so apparent that any reasonable policymaker or supervisor would have taken appropriate preventive measures." *Horton v. City of Harrisburg*, No. 06 2338, 2009 U.S. Dist. LEXIS 63428, *13 (M.D. Pa. July 23, 2009) (quoting *Strauss v.

*Walsh*, No. Civ. A. 01 3625, 2002 U.S. Dist. LEXIS 24717, 2002 WL 32341791, at *3 (E.D. Pa. Dec. 17, 2002)).

The Supreme Court has reaffirmed these guiding principles which define institutional civil rights liability based upon a failure to train or oversee law enforcement officers. In *Connick v. Thompson*, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011), the Court described the parameters of agency liability in the following terms:

> A municipality's culpability for a deprivation of rights is at its *most tenuous (emphasis added)* where a claim turns on a failure to train. *Oklahoma City v. Tuttle*, 471 U.S. 808, 822 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." . . . . Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under Section 1983. . . . '"[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." . . . . Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.

*Id*. (some citations omitted).

### (ii).   Plaintiff's Allegations Of Policies And/Or Customs And Failure To Train

Plaintiff appears to generally claim that Answering Defendants had a policy or custom of not answering complaints and grievances. (Document 1, ¶¶32-33). With regard to training, it appears that Plaintiff is alleging a failure of the Answering Defendants to train staff to answer complaints and grievances. (Document 1, ¶¶32-33, 60).

These conclusory allegations without factual support are insufficient to plead a proper *Monell* claim. To make out a plausible claim against The GEO Group, Inc. and Delaware County under §1983 for a violation of the Eighth Amendment, plaintiff must allege "(1) what the relevant policies are," (2) the basis plaintiff has for thinking those policies impacted his medical treatment, and (3) the specific treatment plaintiff was "denied as a result of these policies." *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674 (3d Cir. 2011). The Plaintiff's Complaint fails as to pleading each of these elements.

First and foremost, Plaintiff's alleged unconstitutional policy and custom is, in fact, not a constitutional violation. Failure to answer complaints and grievances has long been held as <u>not</u> to be a constitutional violation. *See Dickens v. Taylor,* 464 F.Supp.2d 341 (D. Delaware 2006) (Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this

10

right is not compromised by the failure of prison officials to address these grievances.)

Moreover, Plaintiff has alleged absolutely no facts to demonstrate any of the alleged customs or policies of The Answering Defendants to support her claims in the Complaint. To the contrary, she merely has alleged that she was treated unconstitutionally. Plaintiff has not pleaded any other example(s) of past analogous conduct of Defendants The GEO Group, Inc. and Delaware County that match Plaintiff's own pleaded circumstances. The Supreme Court has made it clear that a single incident of an unconstitutional activity is insufficient to impose liability under *Monell*. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 85 L.Ed.2d 791, 53 USLW 4639 (1985). *Accord Pahle v. Colebrookdale, Tp.* 227 F.Supp.2d 361 (E.D.Pa. 2002)(proving one incident of misconduct, however severe, cannot in and of itself engender municipal liability under Sec. 1983). Plaintiff's general allegations of previous lawsuits, without any reference to the claims made or any ruling which found similar claims of unconstitutionality to be valid, is further proof that Plaintiff's claims are insufficient.

Plaintiff has failed to demonstrate facts, which if proven would establish that insufficient training, supervision, or medical care caused her alleged constitutional deprivation. This is merely another attempt to bring this claim within the ambit of Section 1983 when, at most, Plaintiff is essentially making a

claim for vicarious liability, which is, by its nature, impermissible under Section 1983. Plaintiff should not be permitted to advance a *Monell* claim in the absence of detailed factual allegations of the existence of a policy and/or custom of deliberate indifference. Therefore, Defendants CEC and Delaware County should be dismissed from Count IV of the Complaint.

Therefore, Plaintiff's claims against Defendants The GEO Group, Inc. and Delaware County fail to state a claim and should be dismissed in its entirety with prejudice.

## IV. CONCLUSION

Accordingly, for the reasons stated above, Answering Defendants The GEO Group, Inc. and Delaware County respectfully request that this Honorable Court grant the within Motion and enter an Order in the form attached.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: May 25, 2021     **BY:**  /s/ Robert M. DiOrio
         **ROBERT M. DiORIO, ESQ.**

         /s/ Matthew H. Fry
         **MATTHEW H. FRY, ESQ.**
         21 West Front Street
         P.O. Box 1789
         Media, PA 19063
         (610) 565-5700 (telephone)
         (610) 891-0651 (facsimile)

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINA GRINEVICH** : | |
| : | |
| : | NO.: 21-2003 |
| **v.** : | |
| : | JURY TRIAL |
| : | DEMANDED |
| **DELAWARE COUNTY, ET. AL.** : | |

## CERTIFICATE OF SERVICE

We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Complaint was filed electronically via the Court's ECF system on the date below and is available for viewing and download by all counsel of record.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: May 25, 2021     **BY:**  /s/ Robert M. DiOrio
**ROBERT M. DiORIO, ESQ.**

/s/ Matthew H. Fry
**MATTHEW H. FRY, ESQ.**
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0651 (facsimile)