## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTINA GRINEVICH** | : | |
| | : | |
| | : | **NO.: 21-2003** |
| **v.** | : | |
| | : | **JURY TRIAL** |
| | : | **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** | : | |

## <u>NOTICE OF MOTION</u>

TO:   Brian J. Zeiger, Esquire
      Levin & Zeiger, LLP
      1500 JFK Blvd, Suite 620
      Philadelphia, PA 19109

You are hereby notified on this 24th day of June 2021, that the attached Motion to Dismiss Plaintiff's Amended Complaint Pursuant to F.R.C.P. 12(b)(6) is being filed with the Court. According to Local Rule 7.1.(c), if you wish to oppose said Motion, you must serve a Brief in Opposition, together with such Answer or other response, within fourteen (14) days after service of the enclosed Motion. In the absence of a timely response, the Motion may be treated as uncontested.

Respectfully submitted:
**DiORIO & SERENI, LLP**

Date: <u>June 24, 2021</u>       **BY:**   <u>/s/ Robert M. DiOrio</u>
                                    **ROBERT M. DiORIO, ESQ.**

                                    <u>/s/ Matthew H. Fry</u>
                                    **MATTHEW H. FRY, ESQ.**
                                    21 West Front Street
                                    P.O. Box 1789
                                    Media, PA 19063

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA GRINEVICH      :
      :
      :   **NO.: 21-2003**
  v.      :
      :   **JURY TRIAL**
      :   **DEMANDED**
DELAWARE COUNTY, ET. AL.      :

## <u>ORDER</u>

AND NOW, this _____ day of _____, 2021, after consideration of Defendants' Motion to Dismiss Plaintiff's Amended Complaint, and any response thereto, it is hereby ORDERED and DECREED that the Motion is GRANTED and Defendants The GEO Group, Inc., Kristen Grady, Ronald Phillips, Sean Gallagher, Shana Hockaday, and Delaware County are hereby DISMISSED with prejudice.

BY THE COURT:

_____

PAUL S. DIAMOND,   J.

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA**

---

| | |
|---|---|
| **CHRISTINA GRINEVICH** | : |
| | : |
| | :  **NO.: 21-2003** |
| **v.** | : |
| | :  **JURY TRIAL** |
| | :  **DEMANDED** |
| **DELAWARE COUNTY, ET. AL.** | : |

---

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, RONALD PHILLIPS, SEAN GALLAGHER, SHANA HOCKADAY, AND DELAWARE COUNTY'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendants The GEO Group, Inc., Kristen Grady, Ronald Phillips, Sean Gallagher, Shana Hockaday, and Delaware County, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and in support thereof avers as follows:

1.      This action was commenced via a Complaint on April 30, 2021. (Document 1).

2.      Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims an alleged altercation wherein she was assaulted by unidentified corrections officers, who fractured Plaintiff's hand when they attempted to remove her handcuffs, and thereafter pepper sprayed her. (Document 1, ¶¶10-20).

3.      Plaintiff further claims that she was not provided with any medical care until six to eight weeks later. (Document 1, ¶25).

4.      Lastly, Plaintiff claims a custom and/or policy of failing to respond to complaints and grievances. (Document 1, ¶¶32-33).

5.      Defendants The GEO Group, Inc. and Delaware County filed a Motion to Dismiss Plaintiff's Complaint.

6.      In response, Plaintiff filed an Amended Complaint, identifying as Defendants several prison staff members including, but not limited to, the Health Services Administrator Kristen Grady, Medical director Ronald Phillips, D.O., Sgt. Sean Gallagher, and corrections officer Shana Hockaday. (Document 8).

7.      Service of process has been accepted for newly identified Defendants Kristen Grady, Ronald Phillips, Sean Gallagher, and Shana Hockaday.

8.      The remaining newly identified Defendants, Adrianna Carson and Cynthia Tuttle, have not been served with original process and are not part of the instant Motion.

9.      Plaintiff's Amended Complaint alleges similar claims as pled in the original Complaint, including constitutional claims against all defendants in Count 1, alleging excessive force and violation of Plaintiff's due process rights of access to court; Count II and V are claims of excessive force and civil conspiracy against the individual defendants; Count III alleges a constitutional violation of medical

care against all defendants, and Count IV alleges a claim under *Monell* against the Defendants GEO and Delaware County. (Document 8).

10.    For reasons set forth in Defendants' Memorandum of law, Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Amended Complaint. Specifically, the allegations are insufficient to set forth a claim for excessive force, assault and battery, or civil conspiracy against the officer defendants. Furthermore, the remaining defendants Delaware County and The GEO Group, Inc., who are not individuals, cannot be liable for the claims of excessive force or deliberate indifference to medical needs under the law. Lastly, Plaintiff fails to state a cause of action under *Monell* against the Defendants.

11.    Accordingly, Defendants respectfully seek relief in the form of dismissal of the Amended Complaint with prejudice.

WHEREFORE, the Defendants respectfully request this Honorable Court

to grant their Motion to Dismiss and enter the attached form of Order.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: <u>June 24, 2021</u>                    **BY:**   <u>/s/ Robert M. DiOrio</u>
                                                            **ROBERT M. DiORIO, ESQ.**

<u>/s/ Matthew H. Fry</u>
**MATTHEW H. FRY, ESQ.**
21 West Front Street
P.O. Box 1789
Media, PA 19063
(610) 565-5700 (telephone)
(610) 891-0651 (facsimile)

## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINA GRINEVICH           :
                                      :
                                      :     **NO.: 21-2003**
    v.                                 :
                                      :     **JURY TRIAL**
                                      :     **DEMANDED**
DELAWARE COUNTY, ET. AL.       :

### DEFENDANTS, THE GEO GROUP, INC., KRISTEN GRADY, RONALD PHILLIPS, SEAN GALLAGHER, SHANA HOCKADAY, AND DELAWARE COUNTY'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>

Defendants The GEO Group, Inc., Kristen Grady, Ronald Phillips, Sean Gallagher, Shana Hockaday, and Delaware County, by and through their attorneys Robert M. DiOrio and Matthew H. Fry, hereby submit this Memorandum of Law in support of Defendants' Motion to Dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6) and in support thereof aver the following.

## I.    <u>FACTUAL BACKGROUND</u>

This action was commenced via a Complaint on April 30, 2021. (Document 1). Plaintiff, while incarcerated at the George W. Hill Correctional Facility, claims an alleged altercation wherein she was assaulted by unidentified corrections officers, who fractured Plaintiff's hand when they attempted to remove her handcuffs, and thereafter pepper sprayed her. (Document 1, ¶¶10-20).

1

Plaintiff further claims that she was not provided with any medical care until six to eight weeks later. (Document 1, ¶25). Lastly, Plaintiff claims a custom and/or policy of failing to respond to complaints and grievances. (Document 1, ¶¶32-33).

Defendants The GEO Group, Inc. ("GEO") and Delaware County filed a Motion to Dismiss Plaintiff's Complaint.  In response, Plaintiff filed an Amended Complaint, repeating the same or similar claims and facts but identifying as Defendants several prison staff members including, but not limited to, the Health Services Administrator Kristen Grady, Medical director Ronald Phillips, D.O., Sgt. Sean Gallagher, and corrections officer Shana Hockaday. (Document 8).

Plaintiff's Amended Complaint alleges general constitutional claims against all defendants in Count 1, alleging excessive force and violation of Plaintiff's due process rights of access to court; Count II and V are claims of excessive force and civil conspiracy against the individual defendants; Count III alleges a constitutional violation of medical care against all defendants, and Count IV alleges a claim under *Monell* against the Moving Defendants GEO and Delaware County. (Document 8).

Service of process has been accepted for newly identified Defendants Kristen Grady, Ronald Phillips, Sean Gallagher, and Shana Hockaday. The remaining newly identified Defendants, Adrianna Carson and Cynthia Tuttle, have not been served with original process and are not part of the instant Motion.

Plaintiff has failed to state a claim for relief as to all the claims against the Moving Defendants in the Amended Complaint. Specifically, the allegations are insufficient to set forth a claim for excessive force, assault and battery, or civil conspiracy against the officer defendants. Furthermore, the remaining defendants, who are not individuals, cannot be liable for the claims of excessive force or deliberate indifference to medical needs under the law. Lastly, Plaintiff fails to state a cause of action under *Monell* against the Moving Defendants.

## II.    LEGAL STANDARDS

### A.    Motion to Dismiss Pursuant to FRCP 12(b)(6).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009), pleadings standards in federal civil rights actions have shifted from simple notice pleading to a more heightened from of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a Motion to Dismiss under F.R.C.P. 12(b)(6). *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). *See, Phillips v. County of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

Therefore, following *Twombly* and *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The court must accept all of the complaint's well-pleaded facts

as true but may disregard legal conclusions. *Iqbal*, at 1950. Second, a district court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* In other words, a complaint must do more than allege an entitlement to relief. A complaint has to "show" such an entitlement with facts. *Id. See, Phillips*, 515 F.3d at 234-35. As the Supreme Court instructed, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, at 1950.

### III.   <u>LEGAL ARGUMENT</u>

#### A.   <u>Plaintiff Has Not Stated A Viable Claim Against The Defendants For Claims Directed At Individual Parties.</u>

Plaintiff has failed to state a cause of action against the Moving Defendants GEO and Delaware County in Counts I and III in the Amended Complaint because they cannot be liable for the acts of the individual Defendants for excessive force or deliberate indifference to medical needs.

To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United

4

States. *West v. Atkins*, 487 U.S. 42, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled in part on other grounds, *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986).

To establish personal liability against a defendant in a § 1983 action, that defendant must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). Accordingly, individual liability can be imposed under § 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988); *Chinchello v. Fenton*, 805 F.2d 126, 133 (3d Cir.1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. *Rode*, 845 F.2d at 1207. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Id*. See also *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir.2005).

Under the case law cited above, Plaintiff cannot allege that Defendants GEO and Delaware County, who are not individuals, can be liable for this conduct. Entities such as Answering Defendants cannot be liable as there is no such liability for corporations or municipal entities because there is no *respondeat superior*

liability for such claims. Therefore, Answering Defendants cannot be liable for any

claims in Counts I and III of Plaintiff's Amended Complaint and should be

dismissed from those claims with prejudice.

> **B.     Plaintiff's Complaint Against The GEO Group, Inc. and Delaware County In Count IV Is Deficient And Should Be Dismissed.**
>
> > **1.     General Law Pertaining To Section 1983 Claims Against Municipalities, Government Entities Or Their Private Contractors.**

As a general matter, in order to properly state a claim against a municipality or

its private contractor under Section 1983 (in this case, Delaware County and The

GEO Group, Inc.), a plaintiff is required to allege the civil rights violation

occurred as a result of a policy or custom. *Monell v. New York Dep't of Social*

*Services*, 436 U.S. 658 (1978). Under *Monell*, a city, municipality, or private

entity that is a state actor "may not be held vicariously liable under section 1983

for the actions of its agents" since "[t]here is no *respondeat superior* theory of

municipal liability." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing

*Monell*, 436 U.S. 658 at 691 (1978)). Rather, a municipality or private entity that

is a state actor may be held liable "only if its policy or custom is the 'moving

force' behind the constitutional violation." *Sanford*, 456 F.3d at 314. The

existence of a policy or custom can be established: (1) by showing that a "decision

maker possessing final authority to establish municipal policy with respect to the action issued an official statement of policy," *Jimenez v. All AM Rathskellar*, 503 F.3d 247, 250 (3d Cir. 2007) (quoting, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986)); or (2) by demonstrating that a "custom" exists when, though not authorized by the law, the practices of state officials [are] so permanent and well settled that they operate as law." *Id*. (quoting *Monell*, 436 U.S. at 690).

Once a policy or custom is identified, a plaintiff must establish that the municipality maintained a policy or custom with "deliberate indifference" to the constitutional deprivations that the policy or custom caused. City of *Canton v. Harris*, 489 U.S. 378, 389 (1989); see also, *Beck v. City of Pittsburgh*, 89 F.3d 966, 972 (3d Cir. 1996) (stating that the "deliberate indifference" standard, though originally created in the context of a failure to train claim, has been applied to other claims of municipal liability based on policy or custom). With respect to deliberate indifference, "something more culpable [must be shown] than a negligent failure to recognize a high risk of harm to plaintiffs." *Black by Black v. Indiana Area School District*, 985 F.2d 707, 712-13 (3d Cir. 1993) (quoting *Colburn v. Upper Darby*, 946 F.2d 1017, 1025 (3d Cir. 1991)). A plaintiff must establish that the deliberate indifference to which he was subjected came about as a result of the policy. See, *Monell* 436 U.S. at 690-91.

### ( i ).    Failure to train

A municipality can be held liable on the basis of failure to train when "that failure amounts to 'deliberate indifference . . . [of the constitutional] rights of persons. . . .'" *Ball v. Bower*, 2011 U.S. Dist. LEXIS 150548 (October 13, 2011), citing, *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted). There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate [constitutional] injury.'" *Id.* at 325 (citations omitted). Therefore, analysis of a claim under *Monell* requires separate analysis of two distinct issues: "(1) whether plaintiff's harm was caused by a constitutional violation, and (2) if so whether the [municipality] is responsible for that violation." *Collins v. City of Harker Heights, Texas*, 503 U.S. 115, 120, 112 S. Ct. 1061, 117 L. Ed. 2d 261 (1992).

An institutional defendant may also be liable for constitutional violations resulting from inadequate training or supervision of its employees if the failure to train amounts to a custom of the municipality. However, failure to train claims also must meet precise and demanding legal criteria. Such a failure must "amount to deliberate indifference to the constitutional rights of persons with whom the [police] come in contact." *Ball, supra. See also Colburn v. Upper Darby Twp*. 946 F.2d 1017, 1028 (1991) (citing *City of Canton v. Harris*, 489 U.S. 378, 388, 109 S. Ct. 1197, 103 L. Ed. 2d 412 (1989)).

Proving agency liability on a theory of deliberate indifference is an *especially difficult* showing for a plaintiff to satisfy where the plaintiff has alleged that insufficient training or supervision has caused constitutional violations. *Id.* (*emphasis added*), citing, *Reitz v. County of Bucks*, 125 F.3d 139, 145 (3d Cir. 1997). Such a showing requires that "(1) . . . lawmakers know that employees will confront a similar situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* citing, *Carter v. City of Phila.*, 181 F.3d 339, 357 (3d Cir. 1999). Moreover, the plaintiff proceeding on such a theory must establish that the agency's "deliberate conduct . . . was the 'moving force' behind the injury alleged." *Reitz*, 125 F.3d at 145 (quoting *Brown*, 520 U.S. at 404). Therefore, the need for training, supervision, or other corrective action to avoid imminent deprivations of a constitutional right "must be so apparent that any reasonable policymaker or supervisor would have taken appropriate preventive measures." *Horton v. City of Harrisburg*, No. 06 2338, 2009 U.S. Dist. LEXIS 63428, *13 (M.D. Pa. July 23, 2009) (quoting *Strauss v. Walsh*, No. Civ. A. 01 3625, 2002 U.S. Dist. LEXIS 24717, 2002 WL 32341791, at *3 (E.D. Pa. Dec. 17, 2002)).

The Supreme Court has reaffirmed these guiding principles which define institutional civil rights liability based upon a failure to train or oversee law

enforcement officers. In *Connick v. Thompson*, 131 S.Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011), the Court described the parameters of agency liability in the following terms:

> A municipality's culpability for a deprivation of rights is at its *most tenuous (emphasis added)* where a claim turns on a failure to train. *Oklahoma City v. Tuttle*, 471 U.S. 808, 822 823, 105 S. Ct. 2427, 85 L. Ed. 2d 791 (1985) (plurality opinion) ("[A] 'policy' of 'inadequate training'" is "far more nebulous, and a good deal further removed from the constitutional violation, than was the policy in *Monell* "). To satisfy the statute, a municipality's failure to train its employees in a relevant respect must amount to "deliberate indifference to the rights of persons with whom the [untrained employees] come into contact." . . . . Only then "can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under Section 1983. . . . "'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." . . . . Thus, when city policymakers are on actual or constructive notice that a particular omission in their training program causes city employees to violate citizens' constitutional rights, the city may be deemed deliberately indifferent if the policymakers choose to retain that program.

*Id*. (some citations omitted).

### (ii).   Plaintiff's Allegations Of Policies And/Or Customs And Failure To Train

Plaintiff appears to generally claim that Answering Defendants had a policy or custom of providing a minimal amount of medical care and treatment to inmates. (Document 8 ¶39). Plaintiff further alleges that GEO and Delaware County have a custom and policy of not reviewing, complaints, grievances and

medical requests. (Document 8, ¶¶40-41). With regard to training, it appears that Plaintiff is alleging a failure to train staff to follow policies and procedures relating to medical care, and answering complaints and grievances. (Document 8, ¶¶40-43, 67-68).

These conclusory allegations without factual support are insufficient to plead a proper *Monell* claim. To make out a plausible claim against The GEO Group, Inc. and Delaware County under §1983 for a violation of the Eighth Amendment, plaintiff must allege "(1) what the relevant policies are," (2) the basis plaintiff has for thinking those policies impacted his medical treatment, and (3) the specific treatment plaintiff was "denied as a result of these policies." *Winslow v. Prison Health Servs.*, 406 F. App'x 671, 674 (3d Cir. 2011). The Plaintiff's Complaint fails as to pleading each of these elements.

First and foremost, Plaintiff's alleged unconstitutional policy and custom is, in fact, not a constitutional violation. Failure to answer complaints and grievances has long been held as <u>not</u> to be a constitutional violation. *See Dickens v. Taylor,* 464 F.Supp.2d 341 (D. Delaware 2006) (Although prisoners have a constitutional right to seek redress of grievances as part of their right of access to courts, this right is not compromised by the failure of prison officials to address these grievances.)

Moreover, Plaintiff has alleged absolutely no facts to demonstrate any of the alleged customs or policies of Defendants to support her claims in the Complaint. To the contrary, she merely has alleged that she was treated unconstitutionally. Plaintiff has not pleaded any other example(s) of past analogous conduct of Defendants The GEO Group, Inc. and Delaware County that match Plaintiff's own pleaded circumstances. The Supreme Court has made it clear that a single incident of an unconstitutional activity is insufficient to impose liability under *Monell*. *City of Oklahoma City v. Tuttle*, 105 S.Ct. 2427, 85 L.Ed.2d 791, 53 USLW 4639 (1985). *Accord Pahle v. Colebrookdale, Tp.* 227 F.Supp.2d 361 (E.D.Pa. 2002)(proving one incident of misconduct, however severe, cannot in and of itself engender municipal liability under Sec. 1983). Plaintiff's general allegations of previous lawsuits, without any reference to the claims made or any ruling which found similar claims of unconstitutionality to be valid, is further proof that Plaintiff's claims are insufficient.

Plaintiff has failed to demonstrate facts, which if proven would establish that insufficient training, supervision, or medical care caused her alleged constitutional deprivation. This is merely another attempt to bring this claim within the ambit of Section 1983 when, at most, Plaintiff is essentially making a claim for vicarious liability, which is, by its nature, impermissible under Section 1983. Plaintiff should not be permitted to advance a *Monell* claim in the absence

of detailed factual allegations of the existence of a policy and/or custom of deliberate indifference. Therefore, Defendants CEC and Delaware County should be dismissed from Count IV of the Complaint.

Therefore, Plaintiff's claims against Defendants The GEO Group, Inc. and Delaware County fail to state a claim and should be dismissed in its entirety with prejudice.

### C.    Plaintiff Fails To State A Claim For Excessive Force.

Plaintiff's Complaint in Count II fails to state a constitutional claim for alleged use of excessive force against any of the Moving Defendants. "After conviction, the Eighth Amendment serves as the primary source of substantive protection in cases when an inmate challenges a prison official's use of force as excessive and unjustified." *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir.2000); see *Whitley v. Albers*, 475 U.S. 312, 327, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). In particular, the Eighth Amendment protects inmates from the "wanton and unnecessary infliction of pain." *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir.2000) (quoting *Whitley*, 475 U.S. at 319 (citations and internal quotations omitted)). "[N]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Fuentes*, 206 F.3d at 344 (citing *Whitley*, 475 U.S. at 319); see also *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) ("That is not to say that every malevolent touch by a prison guard gives rise to a

federal cause of action."); *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir.1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). That is, the Eighth Amendment proscription of "cruel and unusual" punishment typically does not extend to *de minimis* uses of force. Generally, conduct that reaches the level of cruel and unusual punishment is "repugnant to the conscience of mankind" and "inconsistent with contemporary standards of decency." *Whitley*, 475 U.S. at 327 (quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)).

The "pivotal inquiry" in examining an inmate's excessive force claim under Section 1983 is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Smith v. Mensinger*, 293 F.3d 641, 649 (3d Cir.2002); see Brooks, 204 F.3d at 106 (quoting Hudson, 503 U.S. at 7). In *Whitley*, the Supreme Court articulated the following factors to guide this inquiry, including: "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response." 475 U.S. at 321.

14

Instantly, with the respect to the alleged assault of May 26, 2019, the Amended Complaint only states that Defendants assaulted the Plaintiff, without any details. (Document 8, ¶12). The Amended Complaint then claims that three officers including Defendants Hockaday, Carson, and a Jane Doe defendant, simultaneously handcuffed the Plaintiff, which is improbable if not impossible. (Document 8, ¶13). The Amended Complaint then claims that the three officers Defendants Hockaday, Carson, and a Jane Doe defendant, simultaneously removed the handcuffs from Plaintiff's wrists in a forceable manner which fractured the hand of the Plaintiff, opened the cell and took off Plaintiff's fake fingernails. (Document 8, ¶¶17-20). Again, no details are provided, including Plaintiff's own behavior. Plaintiff then asked for medical attention, but was ignored by Defendants Sean Gallagher, Hockaday, Carson, and a Jane Doe defendant. Defendant Sean Gallagher then alleged sprayed pepper spray into Plaintiff's face. (Document 8, ¶¶21-22).

Plaintiff fails to state the duration and extent of the alleged assault or more fully explain her own actions. Since the alleged force is not described in detail, and the facts as stated seem improbable, that three people simultaneously removed her handcuffs and all three broke her hand, the claim for excessive force is insufficient as a matter of law.

Therefore, Count II the Amended Complaint should be dismissed against Defendants, Hockaday and Sgt. Sean Gallagher.

**D.**     **Plaintiff Fails To State Any Claims Against The Defendants For Deliberate Indifference To Plaintiff's Medical Needs.**

**1.**     **Non-Medical Personnel And The Health Services Administrator Cannot Be Liable For Deliberate Indifference To Plaintiff's Medical Needs.**

Plaintiff's Amended Complaint in Count III fails to state a constitutional claim against Defendant Grady, as she cannot be found to be deliberately indifferent to Plaintiff's Medical needs when Plaintiff was being treated by the prison doctor. Because the Amended Complaint alleges that Plaintiff was provided medical care at GWHCF, Defendant Grady should be dismissed from any claims of deliberate indifference to Plaintiff's medical needs.

As the Courts in the Third Circuit have stated, "where a prisoner is being treated by medical personnel, non-physician prison officials cannot be deliberately indifferent for failing to intervene in the medical treatment." *Glatts v. Lockett,* No. 09-29, 2011 WL 772917 at *9 (W.D. Pa. Feb. 28, 2011); see also *Durmer v. O'Carroll*, 991 F.2d 64, 69 (3d Cir. 1993) (Defendants who were not physicians could not be deliberately indifferent to medical needs of patient when patient was treated by the prison doctor); and *Thomas v. Zinkel,* 155 F. Supp. 408, 413 (E.D. Pa. 2001)(non-physicians, such as health care administrators, cannot be found deliberately indifferent when the inmate is receiving care from a doctor.)

Defendant Grady, the Health Services Administrator at GWHCF, is not liable for deliberate indifference to Plaintiff's medical needs when Plaintiff also

makes claims against the prison doctor, Dr. Phillips. Plaintiff acknowledges being seen by medical but claims that she was not properly treated. (Document 8, ¶33). Therefore, pursuant to the case law on this issue, Defendant Grady must be dismissed from this claim with prejudice.

### 2. Plaintiff Fails To State A Claim For Deliberate Indifference To Medical Needs.

Moving Defendants should also be dismissed because the Complaint fails to claim a serious medical need or deliberate indifference. Plaintiff generally claims that she has not received adequate medical care after he was allegedly assaulted. As a general matter, the Supreme Court has determined that failure to provide adequate medical treatment violates the Eighth Amendment only when it results from "deliberate indifference to a prisoner's serious illness or injury." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976). In order to state a claim that the medical care provided by the defendants violated his constitutional rights, a prisoner must plead that his medical needs were serious and that prison officials were deliberately indifferent to those needs. *Inmates of Allegheny County Jail v. Pierce*, 612 F.2d 754, 762 (3d Cir. 1979). A medical need is serious if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 320 (3d Cir. 2005).

To state a *prima facie* case under 42 U.S.C. § 1983, the Plaintiff's Complaint must establish, (1) the violation of a right secured by the Constitution, and laws of the United States; and (2) that the alleged deprivation was committed or caused by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). Section 1983 affords no substantive rights to Plaintiff, but instead, merely "provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws." *Kopec v. Tate*, 361 F.3d 772, 775-776 (3d Cir. Pa. 2004).

The Eighth Amendment prohibits "deliberate indifference" to a prisoner's "serious medical needs." *Estelle v. Gamble*, 97 S. Ct. 285, 291 (U.S. 1976). To state a cognizable claim under § 1983, the Plaintiff must allege "(i) a serious medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need." *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 582 (3d. Cir. 2003). Mere allegations of medical malpractice are not sufficient to state a claim under § 1983. *See id.* at 292.

### a.    Serious Medical Need

With regard to the first component, "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 112 S. Ct. 995, 1000 (U.S. 1992) (citing Estelle,

supra.) A medical need is only considered "serious" if it is "'one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *Monmouth County Correctional Institutional Inmates v. Lanzaro,* 834 F.2d 326, 347 (3d Cir. 1987). A medical need may also be "serious" if it can be reasonably said to cause "'wanton and unnecessary infliction of pain'," or result in permanent disability or loss. *Id.*

In a recent unpublished opinion in *Brown v. N.J. Dept. of Corrections*, 2014 WL 4978579 (D. N.J. October 2, 2014), the United States District Court for the District of New Jersey held that allegations that a Plaintiff hurt his arm and back when he fell from a broken chair were not sufficient to demonstrate a "serious medical need." *Brown*, *supra citing Tsakonas v. Cicchi*, 308 F.App'x 628, 632 (3d Cir. 2009) ("In order to be considered 'serious,' '[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." (citation omitted)); *Makenson v. Luzerne County Correctional Facility*, Civil No. 13-2204, 2014 WL 3829894, *4 (M.D. Pa. July 31, 2014) (holding that multiple bruises do not constitute a serious medical need); *Stroud v. Boorstein*, Civil No. 10-3355, 2014 WL 2115499, *9 (E.D. Pa. May 20, 2014)

(noting that mild discomfort resulting from bruises and bleeding is not generally considered a serious medical need).[1]

Plaintiff does not claim any injury from the first alleged assault but does claim that she suffered a broken hand that was not treated. While a broken hand may be a serious medical condition, there are some fractures that do not require treatment, so the complaint is insufficient to determine if such an injury was a serious medical need. Therefore, such an ambiguous injury does not rise to the level necessary to present this as a constitutional violation.

### b.    Deliberate Indifference

Even if Plaintiff has sufficiently pled a "serious medical condition," (which Moving Defendants deny), she has failed to allege that Defendant Dr. Phillips or Kristen Grady were deliberately indifferent. A prison official does not act with deliberate indifference unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

It is well-settled that when an inmate is provided with medical care and the dispute is over the adequacy of that care, an *Eighth Amendment* claim does not exist.

---

[1] While unpublished opinions are clearly not precedential, the Court's reasoning is important to an evaluation of what constitutes a serious medical need. The fact that a prisoner suffers some injury is not sufficient to meet the threshold.

*Caldwell v. Luzerne County Corrections Facility, et al.* 2010 U.S. Dist. LEXIS 81341 (M.D. Pa. August 11, 2010) (quoting *Nottingham v. Peoria*, 709 F.Supp. 542, 547 (M.D. Pa. 1988). Mere disagreement as to the proper medical treatment does not support an Eighth Amendment claim. *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326 (3d Cir. 1987). Medical negligence alone cannot result in an Eighth Amendment violation, nor can any disagreements over the professional judgment of a health care provider. *White v. Napoleon*, 897 F.2d 103 (3d Cir. 1990); *Estelle v. Gamble,* 429 U.S. at 105-06 (medical malpractice is insufficient basis upon which to establish an Eighth Amendment violation); *Rouse v. Painter*, 182 F.3d 192, 197 (3d Cir. 1999) ("It is well-settled that claims of negligence and medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'").

Plaintiff fails to state a claim because she admits being seen by medical, but complains that she was not treated for her hand. (Document 8, ¶33). Furthermore, Plaintiff does not allege that she was ever seen by Defendant Grady or that Defendant Grady refused to treat the Plaintiff, and thus Grady was not involved in this allegation at all.

Viewing the facts in the light most favorable to the Plaintiff, it is clear that she did receive medical treatment and/or was evaluated for his alleged injuries, and that she is dissatisfied with the treatment he received. These allegations, as a matter

of law, demonstrate insufficient facts to support liability under §1983.

Accordingly, dismissal of Defendants, Phillips and Grady is appropriate.

### E.    Plaintiff fails To State A Claim For Civil Conspiracy.

Plaintiff's civil conspiracy claim in Count V of the Amended Complaint should be dismissed since the Plaintiff has failed to state facts sufficient to create such a conspiracy.

Municipal officials may be liable under §1983 for a conspiracy to deprive an individual of a right protected under the Constitution or federal law if the plaintiff can demonstrate: (1) the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy. *See Marchese v. Umstead,* 110 F.Supp.2d 361, 371 (E.D.Pa.2000). A conspiracy has been defined in other contexts as "a combination between two or more persons to do an unlawful act, or to do a lawful act by unlawful means, or to accomplish an unlawful purpose." *Franklin Music Co. v. American Broadcasting Cos., Inc.,* 616 F.2d 528, 534 (3d Cir.1979). *See also Id.* at 547. To prevail on a conspiracy claim, the plaintiff must present evidence of an agreement-"the *sine qua non* of a conspiracy," *Spencer v. Steinman,* 968 F.Supp. 1011, 1020 (E.D.Pa.1997)-as it is "not enough that the end result of the parties' independent conduct caused plaintiff harm or even that the alleged perpetrators of the harm acted in conscious parallelism." *Spencer,* 968 F.Supp. at 1020.

Plaintiff has presented no evidence of any agreement. Rather, Plaintiff relies upon the conclusory statements that since Plaintiff was allegedly assaulted there must have been some agreement to assault the Plaintiff. (Document 8, ¶¶73-74). These conclusory statements are not supported by any of the facts as alleged in the "Factual Background" section of the Amended Complaint. The facts, as alleged, do not create an agreement. Plaintiff has failed to set forth sufficient facts to set forth a claim for civil conspiracy and the claim should be dismissed as to Defendants Gallagher and Hockaday.

**F.      Plaintiff Fails To State A Claim For Violation Of Due Process Rights Of Access To Courts.**

Plaintiff alleges a due process violation for denial of access to courts, but does not allege any specific facts to support this conclusory allegation. Moreover, Plaintiff claims no actual injury. Therefore, any such claim in Count I or elsewhere in the Amended Complaint should be dismissed.

In order to recover under a theory of denial of access to the Courts (i.e. through denial of access to the law library), Plaintiff is required to plead and prove an actual injury. *Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

The actual injury requirement cannot be satisfied "simply by establishing that [the] prison's law library ... is subpar in some theoretical sense," as an inmate enjoys "no abstract, free standing right to a law library or legal assistance." *Id.* Furthermore, the actual injury requirement is satisfied only by a showing that the inadequacies of

the library frustrated the inmate's ability to pursue either a civil rights action under 42 U.S.C. § 1983 or a direct appeal from a conviction that resulted in incarceration. *Id.* at 354.

As a threshold matter, Plaintiff's Amended Complaint fails to state any facts that Plaintiff attempted to use the law library or otherwise attempted to access a court and was denied. Plaintiff also does not allege that she suffered an "actual injury" sufficient to meet the requirements of *Lewis v. Casey*. In other words, Plaintiff does not allege, nor is there any evidence to suggest, that she was, for example, unable to pursue any lawsuit or was unable to pursue a direct appeal from a criminal conviction.  Therefore, such a claim should be dismissed.

## IV.   <u>CONCLUSION</u>

Accordingly, for the reasons stated above, Moving Defendants The GEO Group, Inc., Kristen Grady, Ronald Phillips, Sean Gallagher, Shana Hockaday, and Delaware County respectfully request that this Honorable Court grant the within

Motion and enter an Order in the form attached.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: <u>June 24, 2021</u>          **BY:**   <u>/s/ Robert M. DiOrio</u>
                                    **ROBERT M. DiORIO, ESQ.**

                                    <u>/s/ Matthew H. Fry</u>
                                    **MATTHEW H. FRY, ESQ.**
                                    21 West Front Street
                                    P.O. Box 1789
                                    Media, PA 19063
                                    (610) 565-5700 (telephone)
                                    (610) 891-0651 (facsimile)

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____

CHRISTINA GRINEVICH          :
                                       :
                                       :        **NO.: 21-2003**
         **v.**                                :
                                       :        **JURY TRIAL**
                                       :        **DEMANDED**
DELAWARE COUNTY, ET. AL.      :

_____

## <u>CERTIFICATE OF SERVICE</u>

We, Robert M. DiOrio and Matthew H. Fry, attorneys for Defendants, hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiff's Amended Complaint was filed electronically via the Court's ECF system on the date below and is available for viewing and download by all counsel of record.

Respectfully submitted:

**DiORIO & SERENI, LLP**

Date: <u>June 24, 2021</u>      **BY:**   /s/ Robert M. DiOrio
                                        **ROBERT M. DiORIO, ESQ.**

                                        /s/ Matthew H. Fry
                                        **MATTHEW H. FRY, ESQ.**
                                        21 West Front Street
                                        P.O. Box 1789
                                        Media, PA 19063
                                        (610) 565-5700 (telephone)
                                        (610) 891-0651 (facsimile)